**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| NITA PATEL, | : | |
|  | : | Civil Action No. 17-7485 (SDW) |
| Petitioner, | : | |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| UNITED STATES OF AMERICA, | : | |
|  | : | |
| Respondent. | : | |

**WIGENTON**, District Judge

This matter comes before the Court upon Petitioner Nita Patel's ("Petitioner") motion under Federal Rule of Civil Procedure 60(b)(1), and (b)(6), seeking to reopen this Court's Order denying her amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (ECF No. 4). Respondent did not file a brief in opposition to the motion. For the reasons discussed below, the Court will reopen this matter and deny relief under 28 U.S.C. § 2255.

**I.    INTRODUCTION**

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(1) and (6), asserting this Court failed to adjudicate three claims she raised in her amended § 2255 motion. (ECF No. 71). The three claims are: (1) ineffective assistance of counsel for failing to investigate and object to the presentence investigation report ("PSR"); (2) ineffective assistance of counsel for failure to obtain experts and a summary witness; and (3) violation of the due process right not to be convicted or sentenced on inaccurate or incomplete information. (ECF No. 71).

1

Federal Rule of Civil Procedure 60(b)(1), and (6) provide: "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … (6) any other reason that justifies relief. Rule 60(b)(6) applies only when Rules 60(b)(1) - (5) are inapplicable. *Kemp v. United States*, 596 U.S. 528, 533 (2022). Rule 60(b)(1) applies here. In the opinion denying Petitioner's amended § 2255 motion, this Court generally addressed these claims by finding Petitioner failed to establish ineffective assistance of counsel at any stage of the proceedings. However, the Court will grant Petitioner's motion and specifically address the three claims asserted in the Rule 60(b) motion.

## I. BACKGROUND

The full background of Petitioner's conviction and sentence is recited in the opinion denying Petitioner's amended § 2255 motion (ECF No. 55). Therefore, only a brief summary is necessary here. Petitioner and her husband, Kirtish Patel, pled guilty to federal health care fraud involving Medicare and private insurers through a scheme in which they forged physician signatures to create false diagnostic reports purportedly written by physicians who had read and interpreted the results, and by false pretenses claiming neurological diagnostic tests were supervised by a physician, in violation of 18 U.S.C. §§ 1347 and 2, As a result of the health care offense, the Patels, through their companies, Biosound Medical Services, Inc. ("Biosound") and Heart Solution, PC ("Heart Solution"), were paid more than $4,386,133.75, with payments from Medicare accounting for $1,668,954.95 of the total amount. Importantly, the plea agreement permitted Petitioner, despite a stipulation with the Government for purposes of the plea, to argue for a lower loss amount under U.S.S.G. 2B1.1(b)(1) at sentencing.

## II. ANALYSIS

**A. Ineffective Assistance of Counsel by Failing to Obtain Expert and Summary Witnesses**

In *Strickland v. Washington*, the United States Supreme Court established a two-pronged test to analyze ineffectiveness claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687. "*Strickland* . . . permits counsel to 'make a reasonable decision that makes particular investigations unnecessary.'" *Harrington v. Richter*, 562 U.S. 86, 106–11 (2011) (quoting *Strickland*, 466 U.S. at 691). Defense counsel need only formulate a strategy that is reasonable at the time. *Id.* at 107 (citations omitted). It is a rare circumstance where only one defense strategy is reasonable. Thus, in making the *Strickland* deficient performance determination, courts must "'reconstruct the circumstances of counsel's challenged conduct' and 'evaluate the conduct from counsel's perspective at the time.'" *Id.* (quoting *Strickland*, 466 U.S at 689). For the prejudice prong of the *Strickland* test, a petitioner must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice flows from ineffective assistance of counsel where counsel's error results in a harsher sentence. *Glover v. United States*, 531 U.S. 198, 204 (2001). A petitioner must establish both prongs of the *Strickland* test, and courts may address either prong first. *Strickland*, 466 U.S. at 694.

In Paragraph 55 of her amended § 2255 motion, Petitioner asserted Attorney Arleo failed to failed to retain experts to explore her defenses. (ECF No. 4-1 at 13). In Paragraph 84(n),

3

Petitioner alleged Attorney Arleo "[f]ailed to petition the Court for funds in accordance with the Criminal Justice Act for experts, investigators and forensic accountants to negotiate with minimal competence." (*Id.* at 22). Similarly, in Paragraph 91(c), Petitioner asserted Attorney Arleo "failed to obtain expert and forensic accountants to arrive at an appropriate forfeiture and loss calculation and argue for Movant's lack of scienter in risk of harm." (*Id.* at 28). Finally, in Paragraph § 176, Petitioner broadly claimed that Attorney Arleo failed her by not presenting experts to support her case. (*Id.* at 55). Petitioner alleged prejudice because her counsel:

> failed to conduct even minimally competent investigation of the facts and law and failing to lodge basic objection to grossly inaccurate statements in the PSI and failing to obtain experts and summary witnesses, cumulatively resulting in their own client receiving a substantially elongated sentence, Movant otherwise would have received….

(*Id.* at 2).

It was reasonable for counsel to pursue a strategy, based on the strength of the Government's evidence, to seek a plea deal where Petitioner had a chance to obtain a three offense level reduction for acceptance of responsibility. Based on the large numbers of diagnostic tests involved in the healthcare fraud offense and the extensive review experts would be required to perform, counsel could reasonably have concluded that Petitioner was likely to obtain a greater outcome by early acceptance of responsibility. Even assuming counsel's performance was deficient, to show prejudice, Petitioner must establish a reasonable probability that expert analysis and testimony would have led to a better outcome for her. Petitioner has provided nothing but unsubstantiated claims and speculation. "'Vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court.'" *Johnson v. United States*, 294 F. App'x 709, 710 (3d Cir. 2008) (not precedential) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). As this Court

4

noted in its opinion denying Petitioner's amended § 2255 motion, the hurdle to establish prejudice based on the loss amount was high:

> To establish ineffective assistance of counsel at sentencing, the petitioner must also establish the reasonable probability of a shorter sentence but for counsel's errors. *United States v. Smack*, 347 F.3d 533, 540 (3d Cir. 2003) (citing *Glover v. U.S.*, 531 U.S. 198, 204 (2001) (holding that any reduction in sentence constitutes substantial prejudice for purposes of the *Strickland* analysis)). Even if this Court were to assume counsel's performance was constitutionally deficient, Ms. Patel has not shown that a more in depth review of the payments by the insurers would have resulted in a successful claim for a lower offense level. The sentencing judge added 18 points to her base offense level based on a loss of $4,803.875.40. The relevant Guideline called for an increase of 18 points to the base offense level for losses between $3,500,000 and $9,000,000. U.S.S.G. § 2B1.1(b)(1)(J, K); (PSR ¶ 51). To reduce the offense level by one point, the loss amount had to be under $3,500,000. Ms. Patel fell far short of her burden to establish prejudice from counsel's failure to make this showing. *See Boye v. United States*, 810 F. App'x 118, 121 (3d Cir. 2020) (holding the petitioner failed to set forth a lower loss calculation "to show that his sentence would have been materially impacted, or that he would have been on stronger plea bargaining grounds.") Therefore, this ineffective assistance of counsel claim fails on both prongs.

(ECF No. 55 at 42). Petitioner has not established *Strickland* prejudice. *See*, *e.g.*, *United States v. Bailey*, 106 F. App'x 116, 117–18 (3d Cir. 2004) (finding counsel's alleged error in failing to object to loss amount in presentence report for embezzlement did not prejudice the defendant because it had no impact on the sentencing court's guideline calculation). Therefore, this ineffective assistance of counsel claim is denied.

## B. Ineffective Assistance of Counsel by Failing to Make Objections to the PSR

In her amended § 2255 petition, Petitioner asserted that her counsel provided ineffective assistance by failing to object to the following statements in the PSR:

- PSR ¶ 14, in October 2008, Nita Patel was involved in the charged conduct.

- PSR ¶¶ 11, 12, 14, echocardiograms were not read by a licensed reading physician.

- [no citation provided], more than half of the diagnostic reports were forged.

- PSR ¶ 19, Kirtish Patel never directed an employee how to draft a diagnostic report when it was not read by a physician.

- PSR ¶ 21, in September 2006, Kirtish Patel told Petitioner that Biosound was in compliance with Medicare regulations by hiring Dr. Brad Tinkelman.

- PSR ¶ 21, all neurological balancing tests were read by a licensed neurologist.

- PSR ¶¶ 22-30, a substantial amount less than $4,303,875.40 was paid to Petitioner and her husband for tests that were never interpreted by a licensed physician.

- PSR ¶ 32, the 100% neurology non-read rate is grossly inaccurate.

- PSR ¶ 36, Kirtish Patel assured Petitioner there was no risk of death or bodily injury for patients.

- The Government's healthcare program did not pay $1,668,954.95 during Petitioner's involvement.

(ECF No. 4-1 ¶ 136).

Counsel's failure to object to the PSR was not constitutionally deficient for the simple reason that the plea agreement reserved Petitioner's right to challenge the loss amount at sentencing. In other words, the PSR objections were preserved for sentencing. Counsel challenged many of the above assertions in his sentencing memorandum and at the sentencing hearing (ECF No. 27 at 66-87, 189-95). It is important to note that counsel had to be cautious not to challenge the factual basis for Petitioner's plea agreement, because this might have resulted in the loss of a three offense level reduction for acceptance of responsibility. Therefore, Petitioner has not established ineffective assistance of counsel, based on failure to make objections to the PSR.

**C. Due Process Right Not to be Sentenced on Inaccurate or Incomplete Information**

Petitioner asserts that she was denied her due process right not to be sentenced based on inaccurate or incomplete information because the loss amount attributed to her healthcare fraud conviction was grossly inaccurate. Petitioner relies on the Supreme Court's decisions in *United States v. Tucker*, 404 U.S. 443, 447–48 (1972) and *Townsend v. Burke*, 334 U.S. 736, 740–41 (1948).

In *Tucker*, the record on appeal established that the defendant was sentenced based on the trial court's consideration of two prior uncounseled convictions which were "wholly unconstitutional." 404 U.S. at 447. The Court explained the circumstances of the defendant's sentencing:

> [i]nstead of confronting a defendant who had been legally convicted of three previous felonies, the judge would then have been dealing with a man who beginning at age 17, had been unconstitutionally imprisoned for more than ten years, including five and one-half years on a chain gang.

*Id.* The Supreme Court held that due process required reconsideration of the defendant's sentence because using uncounseled convictions to enhance a defendant's sentence eroded the right to counsel established in *Gideon v. Wainwright* [372 U.S. 335 (1963)]. *Id.* at 449.

Similarly, in *Townsend*, the defendant was found not guilty on two charges that the trial court considered, when imposing sentence, as part of the defendant's criminal history. 334 U.S. at 740. The Supreme Court held that the petitioner's right to due process was violated because he "was sentenced on the basis of assumptions concerning his criminal record which were materially untrue[.]" *Id.* at 741. The Court explained, "it is the careless … sentence on a foundation so extensively and materially false, which the prisoner had no opportunity to correct by the services which counsel would provide, that renders the proceedings lacking in due process." *Id.*

7

Petitioner's case stands in stark contrast to *Tucker* and *Townsend*, in part, because Petitioner was counseled throughout her criminal proceedings. In *Tucker* and *Townsend*, the information relied on by the sentencing judge, the defendants' criminal histories, were clearly and unambiguously false. Here, in contrast, Petitioner pled guilty to healthcare fraud, where sentencing is often complex and requires only a reasonable estimate of the loss caused by the misconduct under U.S.S.G. § 2B1.1. The Government obtained the loss amounts directly from the insurers' records. (PSR ¶ 32, 33, 40, 41). Where it was known that not all of the diagnostic cardiology reports were noncompliant with Medicare regulations, the Government reasonably determined an estimate by obtaining a two-year sample of Biosound's reports from referring physicians, and comparing the reports with reading doctors' records of reports they had actually reviewed, and applying this percentage to the relevant time period established in the factual basis of the plea. (PSR ¶ 32). Beyond her speculation, Petitioner has not pointed to any evidence in the record that establishes she was sentenced upon an unreasonable estimate of losses caused by her healthcare fraud, which is all that is required by U.S.S.G. § 2B1.1, Application Note 3(C). Therefore, this Court denies Petitioner's due process claim.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless she makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's denial of Petitioner's

ineffective assistance of counsel and due process claims, she has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

### IV. CONCLUSION

For the reasons discussed above, this Court denies the three claims asserted in Petitioner's motion under Rule 60(b)(1).

An appropriate order follows.

Date: ___March 28___, 2024

_____
Hon. Susan D. Wigenton,
United States District Judge

9